UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Joel Smith and John Nesse as Trustees of the Minnesota Laborers Health and Welfare Fund, Joel Smith and Daniel Shoemaker as Trustees of the Minnesota Laborers Pension Fund, Joel Smith and Heather Grazzini as Trustees of the Minnesota Laborers Vacation Fund, Fred Chase and Joe Fowler as Trustees of the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, Dave Borst and Mark Ryan, as Trustees of the Minnesota Laborers Employers Cooperation and Education Trust, or any successors, the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust,

    Plaintiffs,

vs.

Sterling Systems, Inc.,

    Defendant

_____

Case No. _____

**COMPLAINT**

Plaintiffs, as their Complaint against the Defendant state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.    Plaintiffs are Trustees of the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota

1

and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust ("Funds").

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5).  The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, et seq.  The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. Defendant Sterling Systems, Inc. ("Sterling Systems") is a Minnesota business corporation with a registered address of 2265 Wayzata Boulevard, Long Lake, Minnesota 55356.  Sterling Systems is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

4. This is an action by the Funds' Trustees as fiduciaries to collect unpaid fringe benefit contribution payments.  Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(f), 29 U.S.C. § 1132(f), ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.  Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

5. The Funds are administered in Dakota County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## **FACTS**

6. The Funds re-allege and incorporate by reference paragraphs 1-5 herein.

7. Since July 28, 2017, Sterling Systems has been bound to the terms of a collective bargaining agreement negotiated between the Minnesota Environmental Contactors Association and the Laborers' District Council of Minnesota and North Dakota on behalf of its affiliated local Unions with a term of January 1, 2017 through December 31, 2019 ("Collective Bargaining Agreement").

8. Sterling Systems is bound to the Collective Bargaining Agreement through at least December 31, 2020.

9. The Collective Bargaining Agreement provides that Sterling Systems is bound to the Trust Agreement for each of the following: the Minnesota Laborers Health and Welfare Fund, the Minnesota Laborers Pension Fund, the Minnesota Laborers Vacation Fund, the Construction Laborers' Education, Training, and Apprenticeship Fund of Minnesota and North Dakota, and the Minnesota Laborers Employers Cooperation and Education Trust.

10. The Collective Bargaining Agreement requires Sterling Systems to contribute every month, not later than the 15th day of the following month, contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by its employees covered by the Collective Bargaining Agreement.

11. The Collective Bargaining Agreement requires Sterling Systems to accurately report and calculate the contributions due and owing in any given month to the Funds on a remittance report form which must be submitted with Sterling Systems' monthly payment to the Funds.

12. The Collective Bargaining Agreement states that Sterling Systems shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

13. The Collective Bargaining Agreement requires Sterling Systems to maintain adequate records to identify the type of work being performed by its employees to allow the Funds to determine whether Sterling Systems is accurately reporting hours to the Funds. If Sterling Systems fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Sterling Systems is liable for all of the hours worked by that individual for whom Sterling Systems is unable to produce satisfactory records verifying the type of work being performed by that individual.

14. Independent of the CBAs, 29 U.S.C. § 1059 requires employers such as Sterling Systems to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

15. If Sterling Systems fails to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Sterling Systems is liable for all of the hours worked by that individual for whom Sterling Systems is unable to produce satisfactory records verifying the type of work being performed by that individual.

16. The Collective Bargaining Agreement states that if Sterling Systems becomes delinquent, Sterling Systems shall be required to pay as liquidated damages an amount equal to 10% of the payment otherwise due.

17. The Collective Bargaining Agreement states that if Sterling Systems becomes delinquent, Sterling Systems shall be required to pay interest on all delinquent contributions at the rate prescribed by the Trustees of the Funds in the Trust Agreements.

18. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorneys' fees, service fees, filing fees, court reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in collecting amounts due.

**COUNT I**
**BREACH OF CONTRACT/FAILURE TO SUBMIT CONTRIBUTIONS**

19. The Funds re-allege and incorporate by reference paragraphs 1-18 herein.

20. Sterling Systems breached the terms of the Collective Bargaining Agreement by failing to pay the amount due for contributions for the months of April, May, and June 2020.

21. Pursuant to the remittance reports submitted by Sterling Systems for the months of April, May, and June 2020, $318,847.65 is due and owing for unpaid contributions.

22. Upon information and belief, Sterling Systems continued to employ individuals performing work covered by the Collective Bargaining Agreement after June 30, 2020 and continues to do so.

23. Every month, until this matter is resolved either through dismissal or judgment, Sterling Systems will be obligated to remit fringe fund report forms as described above as required by the Collective Bargaining Agreement and will be

required to remit payment for the fringe benefit contributions due pursuant to the hours disclosed.

24. If Sterling Systems fails to remit contribution report forms on the 15th day of the month following the month in which work was performed during the pendency of this litigation, the Funds will not have an adequate means of verifying the proper amounts due and owing to the Funds, nor will the Funds have adequate means of ascertaining the proper allocation of such contributions to Sterling Systems' employees.

25. In the absence of this Court's order as requested, the Funds are without adequate remedy at law and will be subject to irreparable harm.

26. Sterling Systems should be enjoined from further refusal and failure to remit reports and contributions.

27. Sterling Systems is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Sterling Systems is unable to produce satisfactory records verifying the type of work performed by any such individuals.

28. Pursuant to the Collective Bargaining Agreement, Sterling Systems is liable to the Funds for all attorney fees, service fees, filing fees, court reporter fees and other legal costs and disbursements incurred by the Funds in enforcing their rights and collecting the amounts due.

29. Sterling Systems is liable to the Funds for liquidated damages in the amount of ten percent of the unpaid contributions and interest charges on the unpaid contributions due and owing for the months of April, May, and June 2020 and any other

month that becomes due and owing during the pendency of this litigation pursuant to the Collective Bargaining Agreement.

## COUNT II
## ERISA DAMAGES

30. The Funds re-allege and incorporate by reference paragraphs 1-29 herein.

31. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

32. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

33. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment of this Court against Sterling Systems, Inc. as follows:

1. For judgment in the amount of $318,847.65 for unpaid contributions due and owing for the months of April, May, and June 2020.

2. For an order requiring Sterling Systems to submit to Plaintiffs all reports or calculations for contributions which become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its employees.

3. For judgment for amounts due for delinquent contributions shown to be owing pursuant to the calculations for contributions which become due throughout the pendency of this litigation.

4. For judgment for all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

5. For an award of costs, disbursements and attorney fees according to law.

6. Such other and future relief as the Court deems just, equitable or proper.

Date: August 6, 2020                               MCGRANN SHEA CARNIVAL
                                                   STRAUGHN & LAMB, CHARTERED


                                        By:    s/ Amy L. Court
                                                Carl S. Wosmek (Atty. No. 300731)
                                                Amy L. Court (Atty. No. 319004)
                                                Christy E. Lawrie (Atty. No. 388832)
                                               800 Nicollet Mall, Suite 2600
                                               Minneapolis, MN 55402
                                               Telephone: (612) 338-2525
                                               csw@mcgrannshea.com
                                               alc@mcgrannshea.com
                                               cel@mcgrannshea.com

                                               *Attorney for Plaintiffs*

1257101.DOCX